IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JEREMY NATHANIEL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-062 |
| | ) | |
| OFFICER REEVES; SGT. HEATH; | ) | |
| SGT. MOTON; and MS. BLOUNT, | ) | |
| Mental Health Counselor, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Phillips State Prison, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, regarding events alleged to have occurred at Augusta State Medical Prison in Grovetown, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I. **SCREENING THE COMPLAINT**

   A. **BACKGROUND**

Plaintiff names the following defendants: (1) Correctional Officer Reeves; (2) Sergeant Moton; (3) Sergeant Heath; and (4) Ms. Blount, Mental Health Counselor. (Doc. no. 1, pp. 1, 5.) Plaintiff sues Defendant Reeves in his individual capacity and all other Defendants in their official capacities. (Id. at 1.) Taking all of Plaintiff's allegations as true, as the Court must for

purposes of the present screening, the facts are as follows.

On the morning of September 19, 2021, Plaintiff asked Defendant Reeves if he could speak with someone in the mental health department because he felt harassed by his cellmate "on a sexual level," but by 5:00 p.m., he had not spoken with any mental health personnel. (Id. at 6.) Plaintiff provides no details of the harassment. That same morning, Plaintiff's roommate wrapped a sheet around the door tray flap to prevent it from closing. (Id.) No one had asked that the flap be closed, and Plaintiff "intend[ed] not to allow [closing the flap] anyway" because he feared "no one would come." (Id.) Defendant Reeves appeared without warning and began cutting away the sheet with "suicide scissors," so Plaintiff attempted to prevent the flap from closing by sticking his hand out of the flap. (Id.) Defendant Reeves then attacked Plaintiff with the scissors, but Plaintiff persisted in sticking his hand out of the flap because he did not think Defendant Reeves "would really cut [him]." (Id.) To Plaintiff's surprise, Defendant Reeves attacked him again with the scissors and nearly cut off the tip of one of Plaintiff's fingers. (Id.)

For unexplained reasons, Plaintiff had a cell phone in his cell and began recording Defendant Reeves and the injured, bleeding finger. (Id.) In his rage, Defendant Reeves stuck his arm through the tray flap from outside the cell, trying to cut Plaintiff again even though he was no longer trying to stick his hand out of the tray flap. (Id. at 7.) Defendant Moton and another correctional officer escorted Plaintiff to the medical department for treatment, but they returned Plaintiff to the same cell, even though he told them his cellmate was harassing him. (Id.)

The next day, Plaintiff told Defendants Heath and Blount that he could not stand the harassment from his cellmate, and he was going to attempt suicide. (Id.) Plaintiff did not receive a new cell assignment until "a few days later," after telling a different mental health

counselor about his problematic cellmate. (Id.) Plaintiff does not allege he actually attempted suicide.

Plaintiff seeks compensatory and punitive damages from Defendant Reeves. He seeks injunctive relief against Defendants Moton, Heath, and Blount to force them to follow prison regulations regarding reporting and addressing prisoner mental health needs. (Id. at 8.)

B.   DISCUSSION

1.   **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.  Plaintiff Fails to State a Viable Failure-to-Protect Claim

Plaintiff alleges Defendants failed to protect him from sexual harassment by his cellmate. The three elements of such a failure-to-protect claim include: (1) incarceration under conditions posing a substantial risk of harm; (2) the defendants had a sufficiently culpable state of mind; and (3) causation, e.g., demonstrating the constitutional violation caused an injury. Cox. v. Nobles, 15 F.4th 1350, 1357-58 (11th Cir. 2021). Plaintiff has not alleged the necessary elements with respect to any Defendant regarding the alleged sexual harassment by his cellmate. Plaintiff has not provided any details about the harassment or any specific information provided to any Defendant other than generally alleging he felt harassed and/or could not take being in the same cell with his harasser. (Doc. no. 1, pp. 6-7.) There is no allegation that any Defendant subjectively knew Plaintiff faced a substantial risk of serious harm, let alone that any Defendant

failed to respond in an objectively reasonable manner. See Cox, 15 F.4th at 1358. Moreover, Plaintiff has not alleged any injury from the alleged harassment. Having failed to allege the necessary elements of a failure-to-protect claim against any Defendant related to unspecified sexual harassment allegedly undertaken by Plaintiff's cellmate, all such claims should be dismissed.

For the sake of completeness, the Court notes Plaintiff's reference to a "negligence" claim throughout his allegations regarding his cellmate. "The essential elements of a negligence claim are 'the existence of a legal duty; breach of that duty; a causal connection between the defendant's conduct and the plaintiff's injury; and damages.'" Stadterman v. Southwood Realty Co., 865 S.E.2d 231, 233 (Ga. Ct. App. 2021) (citation omitted). As noted above, Plaintiff fails to allege any injury from the "negligent" manner in which his complaints were addressed, let alone make allegations addressing the remaining elements of a state negligence claim. Therefore, to the extent he may have been attempting to raise a state negligence claim, such a claim fails. See id.; see also Iqbal, 556 U.S. at 678 (explaining insufficiency of complaint that "offers 'labels and conclusions' . . . or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" (citation omitted)).

### 3. Plaintiff Fails to State a Claim Based on Alleged Violation of Prison Regulations

To the extent Plaintiff attempts to boot-strap a claim about failing to follow a prison regulation regarding addressing his sexual harassment allegations with a mental health counselor, he fails to state a constitutional claim. Plaintiff complains that various Defendants did not immediately report his allegations regarding his cellmate to a mental health counselor, and when Defendant Blount did talk to him about it, she did not immediately help him with a cell re-

5

assignment. (Doc. no. 1, p. 7.) Plaintiff asks for injunctive relief against Defendants Moton, Heath, and Blount in the form of compliance with "all SOP rules in place" and making sure "to follow all mental health SOP[s]." (Id. at 8.)

An allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted. See Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (noting that many prison regulations are "primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates"); Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (*per curiam*) (finding district court properly dismissed prisoner's claim concerning prison officials' alleged failure to follow prison procedures with respect to grievances); Taylor v. White, Civ. Act. No. 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."), *adopted by*, 2012 WL 403849 (S.D. Ala. Feb. 7, 2012). Accordingly, Plaintiff has failed to state a separate claim upon which relief may be granted based on any alleged violation concerning a prison regulation addressing mental health treatment.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** all claims based on the alleged failure to protect Plaintiff from his cellmate's sexual harassment and any alleged violation of a prison regulation be **DISMISSED** for failure to state a claim upon which relief may be granted. As those are the only claims raised against Defendants Heath, Moton, and Blount, these three Defendants should be **DISMISSED** from the case.

By separate Order, the Court directs service of process on Defendant Reeves based on Plaintiff's allegations of use of excessive force.

SO REPORTED and RECOMMENDED this 5th day of July, 2022, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA